Kevin MCCULLOCH, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF the SEIU AFFILIATES OFFICERS AND EMPLOYEES PENSION PLAN; the SEIU Affiliates Officers and Employees Pension Plan, Defendants-Appellees.

16-1374

United States Court of Appeals, Second Circuit.

April 10, 2017

FOR APPELLANT: ALISSA PYRICH (with Richard S. Meisner on the brief), Jardim Meisner & Susser P.C., Florham Park, NJ.

FOR APPELLEE: LAUREN P. MCDERMOTT, Mooney Green Saindon Murphy & Welch P.C., Washington, DC.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, Circuit Judges, LEWIS A. KAPLAN,* District Judge,

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Kevin McCulloch appeals from the judgment of the United States District Court for the Southern District of New York (Gardephe, J.), granting summary judgment in favor of the SEIU Affiliates Officers and Employees Pension Plan ("the Plan") and its Board of Directors, on the ground that McCulloch failed to exhaust the Plan's internal administrative procedures before filing suit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The general rule is that exhaustion is required for ERISA claims. See Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993); Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). However, we have not decided whether an exception applies when a plaintiff brings a claim premised on statutory violations and that does not require interpretation of the plan's terms. Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 102 (2d Cir. 2005) ("This circuit has not addressed the specific question whether exhaustion is required for statutory claims. . . ."). McCulloch asserts that his claim is statutory and does not require exhaustion.

His claim is not statutory. To determine whether McCulloch had the right he asserts, the district court would have needed to construe specific terms of the Plan. Because his claim is not statutory, McCulloch was required to exhaust internal administrative remedies.

Accordingly we hereby **AFFIRM** the judgment of the district court.